ESSEX COUNTY CIRCUIT COURT.

₀.JOHN JASKIEWICZ, plaintiff,

*v.*

MICHAEL SALAMANDER and ISIDOR KAPLAN, defendants.

[Decided November 20th, 1925.]

Insolvent Debtors—Bond—Provisoin That Judgment Debtor "Shall Appear Before the Next Court of Common Pleas to be Holden," &c.—Held, to Mean Petition is Filed at the Opening or During the Next Stated Term, That Reference is to the Next "Term," Not Next "Session."

On action at law.

Before Judge SMITH.

*Mr. Homer D. Smith,* for the plaintiff.

*Mr. Irving W. Teeple,* for the defendants.

SMITH, JUDGE.

This is an application to strike out the defendants' answer as sham and frivolous.

The action is brought upon an insolvency bond against the principal and surety, by the plaintiff holding the judgment against the principal, to recover the amount due on the judgment. The principal was arrested by the sheriff of Essex county in January, 1925, and on January 21st, 1925, he gave bond under section 2 of the act for the relief of persons imprisoned on civil process. *2 Comp. Stat.* § *2 p. 2824.*

It will be noticed that the bond was filed and the defendant released during the December term, 1924. Summons in the action on the bond against the principal and surety was

issued May 20th, 1925, and on June 3d, 1925, an insolvency petition under the bond was presented to the Essex county court of common pleas; on the following day service of the summons and complaint in this action was made upon the defendant judgment debtor. The insolvency proceedings were evidently regularly continued until November 6th, 1925, when the defendant was surrendered on the court's refusal to discharge.

The sharp point of law presented on this application to strike out the answer as frivolous, is the question of whether or not the provision in the bond providing that the defendant judgment debtor "shall appear before the next court of common pleas to be holden," &c., refers to the next session of the court or the next term of the court, and if it means the next term of the court, then is it necessary to appear and present the petition on the opening day of the next term of the court? My understanding of the practice which has been built up under the Insolvent Debtor's act is that the petition is filed at the opening or during the next stated term of the court of common pleas, and this practice seems to have been recognized in the cases of *Heit* v. *Boyle, 60 N. J. Law 321; Glyn* v. *Kelly, 71 N. J. Law 10,* and *Sholes* v. *Eisner, 90 N. J. Law 151.*

A practice which has been approved by the supreme court and court of errors and appeals should not be disturbed at the circuit. The construction, which has been recognized by the upper courts, commenced at a time when the sessions of the court of common pleas only lasted a very short time following the opening of each term. It is true that at the present time the sessions are practically continuous. Still, if there is to be a change by reason of the change of the sessions, it should be by legislative enactment and not by judicial decision.

The motion to strike out the answer will therefore be denied.